For the reasons set forth above, the motion of the plaintiffs is granted.

640 A.2d 1230

STATE OF NEW JERSEY, PLAINTIFF, v.
RICHARD DiTOLVO, DEFENDANT.

Superior Court of New Jersey
Law Division Somerset County

Decided February 3, 1994.

*Robert C. Lang,* First Assistant Prosecutor, for Plaintiff (*Nicholas L. Bissell, Jr.,* Prosecutor of Somerset County, attorney).

*Francis X. Hermes,* for defendant (*Hampson, Millet & Hermes,* attorneys).

IMBRIANI, P.J.Cr.

At trial the defendant offered a witness whose name and address was disclosed in discovery. The State moved to bar his testimony because the defendant did not provide the State with a written summary of the proposed testimony of the witness. The defendant said nothing was given to the State because the witness never gave a written statement, nor are there any statements from the witness contained in any written reports in his file. He said he did not have anything to give to the State.

Did the defendant violate the rules of discovery by failing to provide the State with a written summary of the proposed testimony of the witness? The defendant contends that the rules of discovery do not require him to prepare a written summary of the proposed testimony of a witness for the benefit of the State, when he does not possess anything in his files evidencing what the witness will say.

In a criminal case the only statements which are absolutely protected from disclosure to an adverse party are those of defendants pursuant to the Fifth Amendment and those of attorneys which fall within the "work-product" rule. *See generally Evid.R.* 504; *Fellerman v. Bradley,* 99 *N.J.* 493, 493 *A.*2d 1239 (1985). Other than these exceptions, statements of all other persons can be made discoverable.

■ The issue here is not whether written statements or reports reflecting the knowledge of witnesses about the case who will testify at trial are discoverable. They clearly are. The issue is whether the Rules of Court impose upon a defendant an obligation to prepare and give the State a written summary of the proposed testimony of his witness when the defendant does not possess in his or her files any written statements evidencing what the witness has previously said about the case. The State contends that in such a situation the defendant must give the State a summary of what the witness will say so that the State will not be surprised and will have an opportunity to meet the anticipated testimony. *R.* 3:13–3(b) provides that:

Discovery by the State: A defendant who seeks discovery shall permit the State to inspect and copy or photograph

. . . .

(3) the names and addresses of those persons known to the defendant whom he may call as witnesses at trial and their written statements, if any, including memoranda reporting or summarizing their oral statements; . . . .

The State argues that the defendant must know what testimony the witness will offer and it is unrealistic to believe that any attorney would call a witness whose anticipated testimony was unknown.

On the other hand, the defendant argues that he has no obligation to prepare a summary of the proposed testimony of a witness for the State because the Rules of Court only require a defendant to provide the State with copies of written statements given by the witness or written reports of his statements which are possessed by the defendant. If there are none, then the State is not entitled to anything. He argues that he should not be compelled to perform investigative services for the State. The State has been provided with the names and addresses of all his witnesses and the State should be required to use its own resources to investigate and obtain statements from witnesses for whom no written statement was given. The State counters that not only is this unrealistic, because it is unlikely that witnesses for defendants will speak with representatives of the State, much less

give them a statement, but, if this is what the Rules require, they could easily be circumvented by simply not reducing to writing interviews with witnesses.

Surprisingly, this question has never been addressed in any reported case. A facial reading of the Rule is susceptible of both interpretations. We must examine the purpose of the Rule.

The Rules of Court provide that when defendants seek discovery from the State, they must give to the State, automatically and without the necessity of a motion, discovery which they possess. *R.* 3:13–3(b). This includes not only copies of written statements made by defendant's witnesses, but also copies of all reports summarizing oral statements made by all witnesses. The only exception is that notes made by an attorney when interviewing his or her own witnesses or conferring with the witnesses of the adversary fall within the "work product" doctrine and are not discoverable. *United States v. Paxson*, 861 *F.*2d 730 (D.C.Cir. 1988); *State v. Williams*, 80 *N.J.* 472, 478–9, 404 *A.*2d 34 (1979).

New Jersey is known throughout this nation as a State which requires broad and extensive discovery. Our *Rules Governing Criminal Practice* "are significantly geared towards broader mutual discovery within constitutional limits." *State v. Montague,* 55 *N.J.* 387, 401, 262 *A.*2d 398 (1970). Their purpose is to prevent surprise, eliminate gamesmanship, and afford a party an opportunity to obtain evidence and research law in anticipation of evidence and testimony which an adversary will produce at trial. *See State v. Williams*, 80 *N.J.* 472, 482 n. 2, 404 *A.*2d 34 (1979) (Schreiber, J., dissenting). As Justice Brennan once said, the purpose of a trial is not to advance a "sporting theory of justice" but to ascertain the truth. William J. Brennan Jr., *The Criminal Prosecution: Sporting Event or Quest for Truth?,* 1963 *Wash.U.L.Q.* 279, 279 (1963).

The defendant does not contend that to prepare such a report is burdensome, or that it would compel him to provide the State with inculpatory evidence, or that it would violate or impinge

upon any of his constitutional or statutory rights. He only argues that the Rules do not expressly require him to provide the State with such a written summary so he should not be compelled to do so. Some critics view prosecutorial discovery as so controversial that they believe that if the Rules fail to specifically authorize a particular type of disclosure, it should not be required. The reason supporting this theory is that the State has such an inherently greater information gathering advantage than the defendant that the Rules of Court should be read very narrowly and discovery by a defendant should be required only when clearly and expressly required by the Rules of Court.

We perceive of no prejudice to a defendant to provide this information and, indeed, were the situation the reverse and the witness was offered by the State, the State should be required to provide the defendant with similar information. As the United States Supreme Court has stated, "discovery must be a two way street". *Wardus v. Oregon*, 412 *U.S.* 470, 475, 93 *S.Ct.* 2208, 2212, 37 *L.Ed.*2d 82, 87 (1973).

We are confronted with a Rule of Court that is susceptible of conflicting interpretations and we must weigh the competing interests to determine which interpretation should be adopted. While we agree that the investigatory powers of the State are usually vastly greater than those of a defendant, we believe that there is considerable merit in the argument that in many cases defense witnesses are frequently reluctant to speak with representatives from the State. Similarly, State witnesses are frequently reluctant to speak to defendant's representatives. If such reticence occurs, and witnesses are allowed to testify without the adversary being informed of what the witness will say, the result could well be that cross-examination will be ineffective and the verdict may reflect a "sporting theory of justice," rather than the truth.

■ The purpose of discovery is to prevent surprise and "afford a party an opportunity to obtain evidence and research law in anticipation of evidence and testimony which an adversary will

produce at trial". *State v. Williams, supra,* 80 *N.J.* at 483 n. 2, 404 *A.*2d 34 (Schreiber, J., dissenting). This can best be accomplished by requiring each party to disclose to the adversary, during the discovery process, not only the names and addresses of all witnesses, but, when he or she does not possess anything in writing indicating what the witnesses have previously said about the case, a written summary evidencing the anticipated testimony of the witness. This is not unfair, does not implicate any constitutional or statutory rights of a party and will advance the quest for truth and justice.

If such a summary is not given to the adversary in discovery, the witness shall be barred from testifying unless, as was the case here, the record reveals that the adversary was not surprised by the anticipated testimony because it obtained this information from other source.